## CIRCUIT COURT OF LOUDOUN COUNTY

Shenandoah Sash and Door Co.

v.

T. W. Perry Co., Inc.

### July 9, 1993

### Case Nos. (Law) 14558 and 14559

BY JUDGE CARLETON PENN

The above actions were commenced upon two civil warrants in debt and removed to this court. The defendant appears specially and moves that service of process be quashed and that the warrants be dismissed for lack of personal jurisdiction over the defendant. Service of process was had under the Virginia Long-Arm Statute, it being asserted by the plaintiff that the defendant transacted business in Virginia.

The defendant claims that "in the instant case, there was no transaction by Perry which would confer long arm jurisdiction over Perry." It points out that it is a Delaware corporation, with its principal place of business located in Maryland, and without a registered agent, employees, offices or retail outlets in Virginia. It is not qualified to do business in Virginia, but the evidence showed that "two to three percent" of its business is in Virginia.

The plaintiff supplied certain custom windows and doors to the defendant, which the defendant provided to a general contractor for installation in two residences in Maryland, identified as the "Ridenour" and "Deane" jobs. Shenandoah ordered the windows from Wisconsin to be shipped to Purcellville, Virginia, Shenandoah's place of business. They were thence shipped by Shenandoah's truck to the Maryland job sites. As to both jobs, Perry made the initial contact. The initial sales documents were faxed between the parties and acceptance of the plaintiff's "quote" would be by telephone call from the defendant. "Confirmation" of the "quote" would be by fax to the defendant from the plaintiff. Other documents were exchanged between the parties by

fax, and there were numerous telephone conversations between them. Payment was by checks sent to Virginia and deposited in the plaintiff's Virginia bank account. On one occasion the sales manager of the defendant came to Purcellville to discuss with the plaintiff's representatives the Deane job and to pick up a template for a window. He also returned "Deane" windows from Maryland to Purcellville that did not fit and stated that was the sole purpose of that trip.

Mrs. Ridenour came to Purcellville concerning the order for windows to be installed in the Ridenour house. Procedurally, the parties asked the Court to hear the two cases separately, but the Court directed the parties to proceed in one hearing, distinguishing the factual differences between Deane and Ridenour.

In the Court's view, there were sufficient contacts as to the Ridenour job to be sufficient to sustain the exercise of personal jurisdiction over Perry in Virginia. Perry initiated the contact. It specified the content of the contract. Mrs. Ridenour came to Purcellville, Virginia, concerning the contract. The goods were shipped into Virginia and delivered by Shenandoah's trucks to the job site in Maryland. Payment was made to Shenandoah in Virginia and deposited in a Virginia bank. Perry does two to three percent of its business in Virginia.

As to the Deane job, the foregoing factors are relevant as well. Also, Perry's sales manager came to Virginia concerning the transaction.

Since Perry has established those minimum contacts with this forum, requiring it to defend these suits here does not offend traditional notions of fair play and substantial justice, and the exercise of personal jurisdiction does not offend due process. The motions to quash and to dismiss are denied.